SWITZER et ux. v. SMITH. (No. 838—4902.)

Commission of Appeals of Texas, Section B. Nov. 30, 1927.

1. **Courts ⚖️480(3)—Requirement that injunction to stay execution shall be returnable to and tried in court where judgment was rendered is jurisdictional (Vernon's Ann. Civ. St. 1925, art. 4656).**

Vernon's Ann. Civ. St. 1925, art. 4656, providing that injunction granted to stay proceedings in a suit or execution on a judgment shall be returnable and tried in court where suit is pending or judgment was rendered, has to do with court's jurisdiction, and does not relate merely to question of venue.

2. **Judgment ⚖️521—Attack on judgment, to be direct, must be brought in court where judgment was rendered (Vernon's Ann. Civ. St. 1925, art. 4656).**

Under Vernon's Ann. Civ. St. 1925, art. 4656, requiring injunction to stay execution to be tried in court where judgment was rendered, attack on judgment, to be direct, must be brought in court of its rendition.

3. **Judgment ⚖️521—In suit to foreclose lien of judgment entered in another court, cross-action to enjoin its enforcement was collateral attack (Vernon's Ann. Civ. St. 1925, art. 4656).**

In suit to foreclose lien of judgment entered in another court, cross-action praying for injunction against execution on judgment and its collection and enforcement raised questions of validity and regularity of judgment, and constituted collateral attack on judgment under Vernon's Ann. Civ. St. 1925, art. 4656, requiring such proceedings to be tried in court where judgment was rendered.

4. **Courts ⚖️480(2)—Court held without jurisdiction to interfere with enforcement of judgment of another court on ground of improper service, where judgment recited due service was made (Vernon's Ann. Civ. St. 1925, art. 4656).**

In suit to foreclose lien of judgment entered in another court, trial court was without jurisdiction to interfere with enforcement of judgment sued on under Vernon's Ann. Civ. St. 1925, art. 4656, on ground that service in former suit was not in fact proper service, where due service was recited by terms of judgment.

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Judgment ⬅⇒486(1)—Void judgment may be questioned, whenever right is asserted thereunder.**

If judgment is void, rather than voidable, its validity may be questioned in any court, in any proceeding, whenever right is asserted under it.

**6. Judgment ⬅⇒497(2)—Fact that process intended for husband was served on wife, and that directed to wife served on husband, did not render default judgment, reciting fact of due service, subject to collateral attack as void.**

Fact that in suit against husband and wife writ directed to be served on husband was served on wife, and writ intended for wife was served on husband, did not render the judgment in the action void, and as such subject to collateral attack, where judgment entered by default recited that due service was made.

**7. Judgment ⬅⇒497(2)—Recitation of due service in judgment is conclusive as against collateral attack.**

As against collateral attack, recitation of due service in judgment proper is conclusive on such matter, imports absolute verity, and may not be contradicted by other facts, whether appearing within or outside record.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by W. E. Smith against George Switzer and wife, in which a cross-bill was filed. Judgment for defendants was reversed and rendered, and defendants' cross-bill dismissed, by the Court of Civil Appeals (293 S. W. 850), and defendants bring error. Judgment of Court of Civil Appeals affirmed.

See, also, 270 S. W. 879.

Ben V. King, of Eagle Pass, for plaintiffs in error.

David E. Hume, of Eagle Pass, for defendant in error.

SPEER, J. This suit was instituted in the district court of Maverick county to foreclose a judgment lien founded upon the registration of an abstract of judgment from the county court of Bexar county for civil cases. The defense was an attack upon the validity of the judgment. The trial court sustained the contention of defendants that the judgment was void, and refused to enforce the lien. Upon appeal, the Court of Civil Appeals for the Fourth District reversed the judgment, and rendered judgment enforcing the lien.

Article 4656 of Vernon's Annotated Texas Statutes provides:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered. * * *"

[1, 2] This is more than a mere venue statute; it has to do with jurisdiction. Its purpose is not the protection of the citizen in his ordinary right to be sued in the county of his domicile, but rather it is a law of comity, for the protection of the dignity of our courts. Orderly procedure and proper respect for the courts will require that such attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately. An attack upon a judgment, to be direct, therefore, must be brought in the court where such judgment was rendered.

[3, 4] The defendants' answer, after setting up the supposed vice rendering void the judgment, prayed:

"Wherefore these defendants affirmatively ask that this cross-action be taken as a direct attack on said judgment of February 17, 1915, and proceedings thereunder, and pray the court that upon hearing hereof a writ of injunction issue herein, restraining the plaintiff, W. E. Smith, from having execution issued on said judgment and from the collection and enforcement of said illegal judgment."

This undoubtedly attempted to raise the questions of the validity and regularity of the judgment of the county court of Bexar county for civil cases. In Seligson v. Collins, 64 Tex. 314, construing this statute, the Supreme Court say:

"In such case the statute is imperative—the writ of injunction must be returned to the court from which the order of sale issued."

In Leachman v. Capps, 89 Tex. 690, 36 S. W. 250, Chief Justice Gaines held the statute to be jurisdictional. The Chief Justice there made a clear distinction between attacks involving the validity or regularity of the judgment, as contradistinguished from one attacking the validity of the process, as such, through which the execution of the judgment is attempted. Lester v. Gatewood (Tex. Civ. App.) 166 S. W. 389, and Brown v. Fleming (Tex. Civ. App.) 178 S. W. 964, also treat the matter as jurisdictional. So that, if the judgment be not void, the district court of Maverick county had no jurisdiction to interfere with its enforcement.

[5, 6] But it is contended that the judgment was void, and its invalidity could be asserted in the proceeding in Maverick county. Of course, if the judgment was void, rather than voidable, its validity could be questioned in any court in any proceeding whenever a right was asserted under it. But let us see if the judgment is void. The vice for which invalidity is asserted consists in this: The judgment was alleged to be based upon citations separately served on the defendants George Switzer and his wife, Kate Switzer, though the returns on such citations show that the writ directed to be served upon George Switzer was served on Kate Switzer, and the writ directed to be served on Kate

Switzer was served on George Switzer. Now the judgment, among other things, recites:

"On this 17th day of February, 1915, came the plaintiff by attorney and the defendant though duly cited failed to appear and answer in this behalf, but wholly made default; and whereas, this case is one on a sworn account the justness whereof same is due and unpaid the plaintiff in this cause, and the proof of the justness and owing of said sworn account being made by the plaintiff in person on the trial of this cause to the full satisfaction of the court."

It is the contention of plaintiffs in error that the recitation of due service is not conclusive against their right of attack, but that they would be allowed to show, and had shown, that the service in fact was not proper service.

[7] Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188 (writ refused); Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151; Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270; Mariposa Mining Co. v. Waters (Tex. Civ. App.) 279 S. W. 576; Gillette's Estate v. State (Tex. Civ. App.) 286 S. W. 261; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950.

The cross-bill being, therefore, a collateral attack upon the judgment of the county court of Bexar county for civil cases, and said judgment being not void, the plea set up no grounds for equitable relief, and afforded no defense to the defendant in error's proceeding to foreclose the judgment lien. The judgment of the Court of Civil Appeals was for this reason correct, and we recommend that it be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.