**AVANT et al. v. BROUN et al.**
No. 2877.

Court of Civil Appeals of Texas. Beaumont.
Feb. 7, 1936.

Rehearing Denied Feb. 19, 1936.

J. T. Kitching, of Beaumont, for appellants.

E. L. Nall, Geo. Weller, and Oliver J. Todd, all of Beaumont, for appellees.

O'QUINN, Justice.

This is an equitable action in the nature of a bill of review filed by appellant Avant in the Sixtieth district court of Jefferson county February 2, 1934, to set aside a judgment rendered in said court in cause No. 39357 on January 2, 1933, styled Texas National Securities Company v. E. Conway Broun et al., wherein Texas National Securities Company was plaintiff and P. L. Avant, his wife, Odie May Avant, E. Conway Broun, W. B. Landes, the Texas National Bank, and the Kirby Lumber Company were defendants. Cause No. 39357, in which the judgment sought to be set aside was rendered, was a suit in trespass to try title to 43 lots in what is known as the College Terrace addition to the city of Beaumont. Judgment was for plaintiff therein, Texas National Securities Company, against E. Conway Broun, Kirby Lumber Company, P. L. Avant and his wife, Mrs. P. L. Avant (Odie May Avant), W. B. Landes, and the Texas National Bank, for the title and possession of all of said lots.

As before stated, the judgment in cause No. 39357, the suit in trespass to try title, was rendered January 2, 1933. The instant suit to set aside that judgment was filed February 2, 1934, thirteen months after its rendition. In view of the conclusions we have reached, we shall make but brief statement of the facts as disclosed by the pleadings. On November 6, 1928, H. F. Walker and wife sold ten acres of land to E. Conway Broun for a recited consideration of $5,000 in cash and three promissory vendor lien notes: No. 1 for $2,250, payable one year after date; No. 2 for $5,000, payable two years after date; and No. 3, for $7,-000, payable three years after date, each bearing 7 per cent. interest from date and retaining a vendor's lien on the property to secure the payment of the purchase money. Broun subdivided the ten acres into lots and blocks, and it was known as the College Terrace addition to the city of Beaumont. Walker and wife assigned the three notes

and the liens securing the payment of same to the Texas National Securities Company before either of them fell due. Broun and Texas National Securities Company entered into a written agreement that, upon the payment of the amount set opposite (in a list or schedule of the lots) each particular lot, the Texas National Securities Company would release the vendor's lien as to said lot, and the amount paid would be credited on the notes. November 5, 1930, Broun sold lot 39 to W. D. Hail for a consideration of $10 cash and a vendor's lien note for $3,665, bearing 8 per cent. interest, and payable in monthly installments of $40 per month beginning January 5, 1931. February 16, 1931, Hail sold the lot to appellant P. L. Avant and wife for a consideration of $43 cash and their assuming the payment of the note to Broun. Appellant and his wife took possession of said lot and made a number of monthly payments. November 5, 1931, appellant and wife moved off of said property (in fact out of Jefferson county), and at said time made Broun their agent and representative to take charge of said property, rent same, and collect the rents and apply same on the Hail note, and also constituted Broun their agent to sell the property, and, for the purpose of hastening a conveyance of the property to any purchaser found by Broun, they executed a deed to the property to one C. Burton Jones so that he could at once make direct conveyance to Broun's purchaser, but the deed to Jones was not delivered, nor intended to be delivered, to him, as he was not in fact purchasing the property, and the deed was for the only purpose of permitting quick conveyance to a purchaser secured by Broun.

On August 1, 1932, all the notes executed by Broun to Walker for the land, and by Walker and wife assigned and transferred to the Texas National Securities Company, appellee, having matured and none of them having been paid, said Securities Company filed suit No. 39357 in the Sixtieth district court of Jefferson county against P. L. Avant (appellant), his wife, Odie May Avant, E. Conway Broun, W. B. Landes, Texas National Bank, and Kirby Lumber Company, in trespass to try title and to recover the title and possession of the said 43 lots. January 2, 1933, judgment was rendered against said defendants for the title and possession of all of the lots. No motion for a new trial or any exception to the judgment or notice of appeal was taken or made by any of the defendants. The judgment recited due service upon all of the defendants, and that all of the defendants, except W. B. Landes, who filed a disclaimer, failed to appear and answer, and judgment was rendered against all of them as before stated.

February 2, 1934, thirteen months after the judgment was rendered, appellant filed this suit for bill of review, alleging that he was not served with citation in the trespass to try title suit, No. 39357, and that, if he had been, he would have appeared and answered and would have tendered the sum of $350 in payment of lot 39, that being the sum set opposite to it in the agreed schedule providing for release of the lien in the agreement between Broun and the Texas National Securities Company, the plaintiff in said suit No. 39357, and thus have protected his rights in and to said lot. He did not allege that he would have also tendered the sum of $2,444.80, that being the balance due on the vendor lien note for $3,665, Hail to Broun note, payment of which he (appellant) had assumed.

The defendant, appellee, Texas National Securities Company, answered by general demurrer and numerous special exceptions, general denial, and special defenses which we do not deem it necessary to mention.

When the cause was reached for trial, all parties announced ready, and then came on to be heard the defendant's general demurrer and special exceptions, and, after same were heard and considered, the court sustained the general demurrer and all of the special exceptions, to which action of the court appellant excepted, and, refusing to further amend, the suit was dismissed. This appeal is from that order.

We think the judgment must be affirmed for the following reasons:

 (1) As we view the record, this suit is a collateral attack on the judgment sought to be set aside. To be a direct attack, all parties to the judgment whose rights or interest may be affected must be made parties to the suit to set aside the judgment. If such is not done, the attack is collateral, and cannot be maintained. In the instant suit, Kirby Lumber Company was not made party defendant, though it was a party to the suit in which the judgment sought to be set aside was rendered and judgment was rendered against it. Under the authorities, this makes the attack on the judgment collateral. Griggs v. Montgomery (Tex.Civ.App.) 22 S.W.(2d) 688; Borders v. Highsmith (Tex.Civ.App.) 252 S.W. 270, 273; Pure Oil Co. v. Reece,

428

124 Tex. 476, 78 S.W.(2d) 932, 934; Hannon v. Henson (Tex.Com.App.) 15 S.W. (2d) 579; Burton v. McGuire (Tex.Civ. App.) 3 S.W.(2d) 576.

In Pure Oil Co. v. Reece, supra, it is said: "One of the tests in determining whether an attack on a judgment is direct or collateral is whether all the parties to be affected thereby are before the court. If all such parties are not before the court, the attack at best can only be classed as collateral"— citing Hannon v. Henson, supra.

Appellant says that Kirby Lumber Company filed a disclaimer in cause No. 39,357, and did not, and is not, making any claim to, or interest in, the property involved in the said original suit. The record (transcript) contains nothing to show that Kirby Lumber Company filed a disclaimer or in any manner answered to the suit. The judgment in said cause No. 39357 is in the transcript herein as an exhibit offered by appellant. It recites service on all the defendants named in that suit and that the defendant W. B. Landes filed a disclaimer, but nowhere mentions any such as to Kirby Lumber Company. As stated, the judgment recites service on all the defendants, and judgment was rendered against Kirby Lumber Company.

Appellant in his petition, as a basis for his suit, alleges that he was not served with citation. This being a collateral attack on the judgment, his contention is without weight. The judgment herein sought to be set aside recited due service upon all of the defendants. In Switzer v. Smith (Tex. Com.App.) 300 S.W. 31, 33, 68 A.L.R. 377, it is said: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity"—citing numerous authorities.

■ (2) Appellant's insistence that he had no notice of the suit in which judgment was rendered against him wherefore the judgment should be set aside we think is without force. When appellant and his wife moved off of the property, November 5, 1931, and left Jefferson county, they constituted and made E. Conway Broun their agent to take possession of the property involved, lot 39, to rent same, collect the rents, and apply same to the note they owed, and to sell the property. He assumed possession and control of the property, and was made a party defendant in the trespass to try title suit, and judgment was rendered against him, and, after judgment, he was dispossessed of the property. He had full knowledge of all the facts of the suit and its resulting judgment and of his being dispossessed of the property, and, being the agent of appellant in the custody and management of the property, his notice or knowledge of the suit and judgment was notice to appellant. 31 Tex.Jur. § 10, pp. 372, 373.

■ (3) If appellant had notice of the suit and the judgment, then he had his choice of two legal remedies to contest the validity and correctness of the judgment, by direct appeal or to appeal by writ of error, and, not having exercised either, he cannot resort to a bill of review. But appellant alleged, by way of excuse for not availing himself of these legal remedies, that he "did not know said judgment had been rendered, nor that suit had been filed by said Texas National Securities Company against said defendants until long after the term of court at which said judgment was rendered had ended and until after the time for filing a motion for a new trial in said cause had long since elapsed. * * * That he had no notice of the filing of the suit 39,357, until several months after the rendition of the judgment therein." The law gives a litigant six months after final judgment in which to appeal by writ of error. Article 2255, R. S. If, as in this case, one seeks by bill of review to set aside a judgment after the time has expired within which he could have appealed by writ of error, he must clearly allege that he did not have knowledge of the rendition of the judgment until after the expiration of the time in which he could have availed himself of the remedy of appeal by writ of error; in other words, distinctly allege that the bar of six months had matured before he had knowledge of the suit and the judgment sought to be avoided.

Appellant's allegation that he had no notice of the filing of the suit or the rendition of the judgment "until several months after the rendition of the judgment therein" did not clearly allege that the bar of six months' limitation had run against him in his right to appeal by writ of error—in pleas of this kind the facts must be clearly and specifically pleaded, that is, with certainty to a particular intent, nothing must be left to inferences or presumption. 25 Tex.Jur. § 239, pp. 663, 664. "Several months" is an

indefinite expression of time. It has no fixed or definite limits. In 57 C.J. 535, it is variously defined as: "A number greater than one"; "an uncertain, or any number not less than two"; "being an indefinite number, yet not large"; "consisting of any small number more than two"; "more than one"; "more than two, but not very many"; citing numerous authorities where the word has been used in a legal sense. It is seen that "several," as used, might mean two or more up to six, and any of these numbers would have entitled appellant to sue out his writ of error and so, having a complete legal remedy, would not be entitled to the equitable remedy sought. The allegations do not clearly negative the existence of a legal remedy, and so were subject to the general demurrer.

The judgment is affirmed.