**BUSHA et al. v. FORTSON et al.**

No. 9406.

Circuit Court of Appeals, Fifth Circuit.

Dec. 14, 1940.

Stanley Boykin and A. B. Culbertson, both of Fort Worth, Tex., for appellants.

J. V. Wheat, of Houston, Tex., Jesse F. Holt and O. D. McReynolds, both of Sherman, Tex., Fred H. Minor, of Denton, Tex., and C. L. Jester of Corsicana, Tex., for appellees.

Before FOSTER, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Irene Clark Busha (formerly Irene Clark Funk) sued to recover the fee-simple title to a 295.95 acre tract of land in Denton County, Texas. She sought to quiet title to the land and prayed that certain judgments of the District Court of Denton County, Texas, be canceled as a cloud upon her title, and that the defendants be compelled to account to her for revenues received from the property. Certain of the defendants, Florence Outlaw Upham and Hazel Outlaw, Charles Outlaw, and Hugh Outlaw, minors appearing by next friend, filed a cross-complaint seeking much of the same relief prayed for by the complainant, Irene Clark Busha.

After a hearing the court entered findings of fact and conclusions of law and entered a judgment adverse to the contentions of the complainant, Irene Clark Busha, and the cross-complainants, Florence Outlaw Upham and the Outlaw minors. The complainant and cross-complainants have appealed.

In the year 1908 Samuel F. Reynolds died testate in Denton County, Texas. After setting aside a bequest to Reynolds' widow, the executors of the will divided the remainder of the property into eight equal parts and delivered one of such portions to each of eight persons named in the will. One of the portions was delivered to Emory P. Reynolds for the use and benefit of three minor children of the testator's deceased son, M. E. Reynolds. The executors executed deeds to the parties evidencing their interests as required by the will. All the devisees named in the will and the grantees in the deeds, including Emory P. Reynolds as trustee for the three children of M. E. Reynolds, went into immediate and actual possession of the lands so devised and conveyed and claimed to own the property in fee simple. As the three minor children of M. E. Reynolds became of age possession of the land held in trust by Emory P. Reynolds was delivered to them. Actual, continuous, uninterrupted, peaceable, and adverse possession of the land under duly registered deeds was held for and by the three children, and those holding under them, for more than twenty-five years before the filing of this suit.

The three minor children of M. E. Reynolds, deceased, as named by the will were: Eulita Ione Reynolds, Mayetta Reynolds, and Ruth I. Reynolds. Eulita Ione married one Clark and died leaving one heir, Irene Clark who first married Charles W. Funk and later married one Busha. Mayetta married Harvey Outlaw and died leaving as heirs Florence Outlaw Upham (Florine Outlaw), Hazel Outlaw, Charles Outlaw, and Hugh Outlaw. Ruth married one Galloway and died leaving no heirs.

Asserting that the three children of M. E. Reynolds, deceased, had a fee-simple title to the land, Eulita Ione, one of the children, filed suit for partition in the District Court of Denton County, Texas, on March 29, 1911. The suit was numbered 5356 on the docket and was styled "Eulita I. Clark v. Emory P. Reynolds, Trustee, et al." The District Court of Denton County, after a trial, held that the three children owned the land in fee simple and ordered a partition among them and appointed commissioners for that purpose. The commissioners promptly partitioned the land and reported to the court. September 27, 1911, a final judgment was entered approving and confirming the report of the commissioners and vesting title in the parties as found in the report.

On January 5, 1915, Ruth I. Galloway, Eulita Adams, and Mayetta Outlaw (the

Ruth I. Reynolds, Eulita Ione Reynolds, and Mayetta Reynolds mentioned in the will), joined by their husbands, sued all other devisees of the will of Samuel F. Reynolds, and all persons claiming under them, contending that they had a fee-simple title to the land partitioned to them. This suit became No. 6011 on the docket of the District Court of Denton County, Texas, and was styled "Ruth I. Galloway et al. v. H. I. Reynolds et al." The complainant here, Irene Clark Busha, who was then a minor, was a party defendant to that suit and was cited and was represented by Alvin C. Owsley, an attorney at law appointed by the court as her guardian ad litem. The guardian ad litem answered for her and asserted that the plaintiff Eulita Reynolds Allen (mother of the complainant Busha) only held an estate for life in the lands and that the fee-simple title to the remainder was vested in her daughter, Irene (complainant in the present suit). Mayetta Outlaw withdrew from the cause on the day of trial. On final hearing judgment was entered in favor of the other plaintiffs for title and possession of the land respectively partitioned to them, and against the defendants and complainant herein who had been represented by her guardian ad litem.

On May 7, 1917, Mayetta Outlaw and Eulita I. Leddick (the Mayetta Reynolds and Eulita Reynolds mentioned above) filed another suit in the District Court of Denton County, Texas. This suit became No. 6843 on the docket and was titled "Mayetta Outlaw et al. v. Charles O. Hodges et al." The purpose of the suit was to have the judgment in the first state court suit, No. 5356, held void, and to construe the will of Samuel F. Reynolds so that his three grandchildren would be held to have received life estates only with the remainders in fee simple to the children of said devisees, including the complainant, Irene Clark Busha, and the cross-complainants. All parties interested in the land, including those who had become purchasers, were made parties defendant. The complainant, Irene Clark Busha, and Florine Outlaw, one of the Cross-complainants, were parties to that suit and asserted the same contention they make in this case. They set out fully paragraph "5th" of the will of Samuel F. Reynolds, and made claims to a fee-simple title substantially as they do in this case. In the trial of that case all parties defendant having either been served with citation or having executed valid waivers thereof, and all either answering,

or, if not answering, entering appearance therein, the court refused to set asiue the judgment in state court suit No. 5356 and entered final judgment on March 11, 1922, against the plaintiffs adjudging that they had no interest in the land. This judgment became a final judgment, no appeal having been prosecuted therefrom.

The appellants, complainant and cross-complainants below, claim title to the land under the will of their great-grandfather, Samuel F. Reynolds. They contend that under the will the three children of the testator's deceased son received only a life estate in the lands partitioned to them. The appellees contend that the three grandchildren of the testator received a fee-simple title to the land. The appellees claim title through chains emanating from the three grandchildren named in the Reynolds will. Joe B. Fortson and John T. Fortson claim through deeds from Eulita Ione Reynolds. J. K. Lee and Rowena Lee hold title under deeds from Mayetta Reynolds. Nannie Allran and L. A. Allran claim title under deeds emanating from Ruth Ione Reynolds.

The following paragraph from the will of Samuel F. Reynolds must disclose the intention of the testator with reference to the estate which he would and did leave his three grandchildren, Ruth, Eulita, and Mayetta Reynolds:

"5th. I Will that the other remaining of said Eight Shares shall by my Executors be delivered to my son, Emory P. Reynolds to be received by him in trust only, for the use and benefit of the minor heirs of my deceased son, M. E. Reynolds, whose names are Eulita Ione Reynolds, Mayetta Reynolds, and Ruth J. Reynolds, And I Will that the said Emory P. Reynolds shall take possession of said share, and to so manage and control the same, so as it will yield as large a revenue as possible, which shall be by the said Emory P. Reynolds collected and after paying the necessary expense incident to the management of same including a reasonable compensation for his services, he shall as it seems to him necessary for the comfort and welfare of said children, give to them or their legal guardian or their mother as seems best to him, for their good such sums of said money or part thereof as he has remaining. Said moneys to be received from Rents or personal effects only and said share or property is to be kept by said Emory P. Reynolds until said minors

shall become of full age or shall marry, when he will deliver to each of them at such time one third of said share of property, both Real and personal as shall be remaining in his hands and said minors shall have possession of same. And I will that they shall use and enjoy their respective interest in the same in severalty during their natural lives and at the death of each or any of said children, leaving bodily heirs or children then their said interest herein shall be inherited by said surviving children or child, but if any one or two of the above named children of my said son, M. E. Reynolds deceased shall die leaving no child or children then the said child's interest shall pass to and be inherited by the one or two so surviving, but shall all of said three children last above named as children of said M. E. Reynolds, die without having children surviving them, then I Will that the whole. of said property or share shall revert to and be divided among my other heirs above named, and be partitioned among them equally or their children if they should not survive."

Seeking, as we must, for the intention of the testator in his will we are of opinion that he intended for his grandchildren to take title to the land in fee simple and that he expected their "bodily heirs or children" to take by inheritance from their mothers. Under the general rule of construction prevailing in Texas the largest estate the language of the will is capable of conveying must be accepted over that of a lesser estate, unless it clearly appears otherwise. We are of opinion and hold that the testator intended that his three grandchildren take title to the lands in fee simple. Article 1291, Revised Civil Statutes of Texas; McDowell v. Harris, Tex.Civ.App., 107 S.W.2d 647; Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; Lacey v. Floyd, 99 Tex. 112, 87 S.W. 665.

While we could rest our decision upon the construction of the will, we consider the three judgments of the District Court of Denton County, Texas: The first judgment partitioned the land. The second judgment directly involved the question of the title taken under the will. The third suit brought in issue the construction of the will and the parties to this suit were parties there. The judgment of March 11, 1922, put at rest the title to the lands now in suit. That judgment was

regular on its face, was not appealed from, and is not subject to the attack made upon it in this suit. Levy v. Roper, 113 Tex. 356, 256 S.W. 251; Mercer v. Rubey, Tex. Civ.App., 108 S.W.2d 677; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Colt v. Colt, 111 U.S. 566, 4 S.Ct. 553, 28 L.Ed. 520.

The will of the testator was probated more than thirty years ago and possession of the land in suit has been held continuously by the grandchildren, and those holding under them, for more than twenty-five years. The findings of the District Court are supported by the record.

The judgment is affirmed.