## MAHONE v. WEART.

### No. 11638.

Court of Civil Appeals of Texas. Galveston.

Dec. 7, 1944.

Rehearing Denied Jan. 11, 1945.

Wayman & Kleinecke, of Galveston, Hunt & Lawler, of Houston, T. F. Green, Jr., of Conroe, and E. J. McLaughlin, of Chicago, Ill., for appellant.

Stone, Phipps & Dibrell, of Galveston, and Vinson, Elkins, Weems & Francis, Tarlton Morrow, W. S. Elkins, and C. E. Bryson, all of Houston, for appellee.

GRAVES, Justice.

This suit was brought by the appellee, Douglas L. Weart, against the appellant, Albert W. Mahone, and George K. Spoor, to create and impress a trust on a 20% interest in a partnership known as Coast Petroleum Corporation, and a 20% interest in a certain oil and gas lease, covering lands in Galveston County, Texas, the record title to which lease stood in the name of George K. Spoor, and to remove an alleged cloud from the title to such undivided interest in that land, arising from the levy and foreclosure of certain asserted attachment liens upon the claimed undivided interest of George K. Spoor in the land to enforce the payment of a judgment obtained by the appellant, Albert W. Mahone, against George K. Spoor, under date of April 20, 1943, in the District Court of Galveston County, Texas, in consolidated cause No. 59,565, styled Albert W. Mahone vs. George K. Spoor, for the sum of $110,395.-50, and to establish and quiet title to all such property—both leasehold and corporate stock—in the appellee, Douglas L. Weart, against both appellant and George K. Spoor.

The judgment recovered by appellant against Spoor, dated April 20, 1943, was based upon several judgments previously so recovered by him in the State of Illinois, and, coincident with the filing of those suits, writs of attachment were issued and levied upon the above mentioned land, the record title to which then and now stands in the name of George K. Spoor. At the trial of these suits as consolidated, George K. Spoor filed an answer, was represented by counsel, and contested the case.

The appellee, Douglas L. Weart, pleaded and offered evidence to prove that certain stock in Coast Petroleum Corporation, a Delaware corporation, was acquired by him from George K. Spoor, his father-in-law, for a valuable consideration on April 29, 1935; and, in the alternative, that such stock in that corporation was given to him by George K. Spoor on April 29, 1935, and that, upon the dissolution of the corporation on December 21, 1941, both the equitable and legal title to all the property in controversy vested in appellee.

Appellant, Albert W. Mahone, contended in the trial court, that the corporate stock was the property of Spoor; that if appellee ever had any title thereto, it was as nominee for Spoor, and that no valid gift of it was made to appellee on April 29, 1935; further, that if it was in fact a gift, same was void as to appellant, because, at the time of such a gift, George K. Spoor was indebted to the appellant and others in large sums of money, and did not, at that time, own property subject to execution sufficient to pay his then-existing debts; that any gift or other transfer of such stock by

Spoor to appellee was made for the purpose of delaying, hindering, and defrauding creditors, and was, therefore, void.

George K. Spoor entered his appearance in this case, but filed no answer. He did, however, appear at this trial as a witness for appellee, his son-in-law.

The trial court submitted to a jury what it conceived to be "the controlling issues of fact made by the written pleadings and the evidence" in two special issues, as in compliance with Rule 279, Vernon's Texas Rules of Civil Procedure, which were answered in the appellee's favor, whereupon the court entered judgment partly upon such verdict and partly upon independent findings of the court itself, to the effect that appellant take nothing against the appellee herein; hence this appeal.

This cause was formerly here upon an appeal of this appellee from an order of the court below refusing him a temporary injunction therein against the present appellant, which was decided by this court on November 23 of 1943, in an opinion by Associate Justice Cody, which is reported in Weart v. Mahone, 176 S.W.2d 197, and which, although deciding the temporary injunction issue only, contained a full and accurate statement of the many features of the whole case; that opinion, therefore, is here referred to for a fuller statement of the nature of the cause now before this court, on this appeal from the final trial on its merits below.

Appellant seeks a reversal on many points of law, both substantive and procedural, the over-all purport of which is to the effect that the appellee should have been denied the recovery awarded him, because the property and interests the court so impressed a trust upon in his favor, as being his own, were, on the contrary, shown at all the times material hereto not to have belonged to himself, but to have been the property of appellee's father-in-law, George K. Spoor, and that, in consequence thereof, the attachments, writs, and judgments declared upon herein by this appellant, as against both George K. Spoor and this appellee, should have been held to impress liens in his favor on the same against both Spoor and the appellee.

The record and the briefs herein are of well-nigh inordinate length; but this court, in both the former appeal on temporary injunction and in the one now at bar on the merits, has reviewed such records, together with the accompanying oral and written arguments, with the result that it is now constrained to hold that the final judgment so arrived at below was correct, and should be affirmed.

The great length of the proceedings renders impracticable any full restatement of the facts underlying the whole controversy, hence that will not be attempted.

Rather will what are regarded as the controlling grounds, upon which this conclusion is based, be stated.

The two special issues, together with the jury's answers thereto, were these:

"No. 1. Do you find from a preponderance of the evidence that George K. Spoor, in authorizing and directing that the stock certificate in Coast Petroleum Corporation bearing date April 29 1935, be issued in the name of Douglas L. Weart, intending thereby to make an immediate and unqualified gift of said stock to the said Douglas L. Weart, and surrendered all dominion and control over said stock?" Answer: "Yes."

"No. 2. Do you find from a preponderance of the evidence that the property of George K. Spoor which was in the possession of Mahone, as trustee, on April 29, 1935, was of sufficient value that if subjected to forced sale on said date it would have yielded a sufficient sum to pay all the then existing debts of the said George K. Spoor?" Answer: "It would have realized a sufficient sum."

Without extended discussion of it, which is not required, this court fails to find any lack of support in the evidence for either of these jury findings; moreover, in view of them, along with the trial court's recited findings in supplement thereto, this court is unable to hold that this appellant, as against the facts thus on sufficient evidence found adversely to himself, can be considered to have made out any case of fraud by the appellee, Weart, or by George K. Spoor, or to have established any legal right or title against the appellee to any part of the subject-matter of the recovery awarded the latter herein, or to have established any lien thereon against him by the various attachments, judgments, and other writs the appellant herein declared upon.

In other words, it is held that appellant wholly failed to make out any case of fraud as affected the appellee and his interest in such rights and properties, under either Articles 3997, or 3996, of Vernon's Revised Civil Statutes of Texas.

665

If, indeed, the special issues so answered by the jury in the appellee's favor did not in fact comprehend "the controlling issues made by the written pleadings and the evidence," as this court thinks they did, then it seems clear, in the state of the evidence, that the trial court's additional findings did cover every material issue upon which appellant could, or in fact did, declare.

It appears from amply-supporting testimony that the interests so recovered herein by the appellee were either given to him by his father-in-law, George K. Spoor, at a time when the latter was in a position to lawfully make such a gift, as against any then-existing claim of appellant against himself or the appellee, or that, in the same conditions, the appellee then acquired such interest from Spoor upon a valid consideration then paid him therefor; hence in neither situation was appellant in any wise legally aggrieved by any act of Spoor, or of the appellee here.

The appellee has herein plead that he acquired the interests so awarded him through his father-in-law, George K. Spoor, on April 29 of 1935, and the undisputed evidence showed, first, that his 20% interest in the stock of the Coast Petroleum Corporation had been by that corporation—through arrangments with that objective made with it by George K. Spoor—on or near that date, both issued and delivered directly to him; and, second, that from and after that date the right in and control thereof never went out of him.

In addition, there was ample testimony from the appellee, Spoor, and others, that at that same time the appellee, in consideration of the issuance of such stock to him, assumed and agreed thereafter to pay a $5000 debt Spoor then owed his old friend, Mr. Kemp; not only so, but it further likewise appeared that the stock and accompanying interests so passing through Spoor to the appellee were never—on the market, or intrinsically—worth the $5000 he so undertook to thereafter pay for Spoor.

In view of these stated over-riding conditions that, in this court's opinion, go to the very base of the appellant's claims in this controversy as against the appellee, and on the facts so sufficiently determined against him, the vast superstructure of added·contentions and procedural controversies is thought to be outside the pale of such "controlling issues made by the written pleadings and the evidence." If that be true, it would be a work of superero-

gation to at length go into them here, which accordingly will not be done.

■ Since it necessarily follows, under these views of the law, that appellant showed no case nor title, hence·could not prevail herein, regardless of whether or not there may have in fact been inequalities, defects, or irregularities, in the appellee's several titles and interests as so recovered by him below, the controversy properly ends there. See Wixom v. Bowers, Tex.Civ.App., 152 S.W.2d 896, at page 898, paragraph 1, and cited authorities at page 899, column 1.

The judgment of the trial court will be affirmed.

Affirmed.