**COX et al. v. KIRBY LUMBER CORP. et al.**

No. 13966.

United States Court of Appeals, Fifth Circuit.

June 30, 1952.

Rehearing Denied Aug. 4, 1952.

Gilbert T. Adams, E. E. Easterling, Henry T. Easterling, Beaumont, Tex., Fred B. Frazier, Chattanooga, Tenn., J. Wilbur Hicks, Greenville, S. C., for appellants.

Howell Cobb, Houston, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and STRUM, Circuit Judges.

PER CURIAM.

Brought by R. M. Cox, et al., as heirs of Harvey Cox, deceased, the suit was in trespass to try title to recover title and possession to a tract of land in Hardin County, Texas, which had been granted to heirs of Harvey Cox by letters patent, dated Nov. 11, 1874.

Defendants, after answering, and after a pretrial hearing which developed that the validity of the hereafter mentioned judgments would determine the issues in the cause, moved for summary judgment on the ground that any claim plaintiffs, as the alleged heirs of Harvey Cox, had to said lands in controversy was adjudicated out of them by judgment rendered in favor of defendants' predecessors in title in certain

judgments in the District Court of Hardin County, dated September 16, 1929, in causes Nos. 4951 and 4956, R. A. Myer Lumber Co. v. Harvey Cox, et al.

The motion then came on to be heard upon the agreements made at the pretrial hearing, and upon the judgment records, and judgments relied on.

The district judge, of the opinion that the District Court of Hardin County had obtained jurisdiction over the lands in controversy and the heirs of Harvey Cox, by citation and service by publication in the invoked proceedings, and that said judgments and the recitals contained therein were valid and binding and could not be collaterally attacked, as was attempted in this suit, so found, and accordingly entered judgment for the defendants.

Appealing from that judgment, plaintiffs are here insisting, on the basis of decisions which do not support their claim, that the findings and judgment were wrong and may not stand.

Appellees, on their part insisting that the claim of appellants is completely without support in statute or decision, and citing the applicable statutes [1] and the controlling authorities,[2] urge upon us that the appeal is frivolous and the judgment should be affirmed.

We agree. No case has been cited to us, we believe none can be found, supporting the claim appellants make, that the solemn judgments of a court of competent jurisdiction entered in suits in trespass to try title, brought and prosecuted in accordance with the statutes of the state, may be collaterally attacked as is attempted to be done here.

The judgment appealed from was rightly entered. It is

Affirmed.

1. Arts. 1975, 1976, and 2040, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. arts. 1975, 1976, 2040.

2. Arndt v. Griggs, 134 U.S. 316, 10 S.Ct. 557, 33 L.Ed. 918; Avant v. Broun, Tex.Civ.App., 91 S.W.2d 426; Chapman v. Kellogg, Tex.Com.App., 252 S.W. 151; Erwin v. Holliday, 131 Tex. 69, 112 S.W.2d 177; Hamilton v. Brown, 161 U.

S. 256, 16 S.Ct. 585, 40 L.Ed. 691; Hardy v. Beaty, 84 Tex. 562, 19 S.W. 778; Maury v. Turner, Tex.Com.App., 244 S. W. 809; McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608; Pool v. Lamon, Tex.Civ.App., 28 S.W. 363; Switzer v. Smith, Tex.Com.App., 300 S.W. 31, 68 A.L.R. 377; Treadway v. Eastburn, 57 Tex. 209.