**Virgil D. JOHNSON et al., Appellants,**

v.

**C. H. LANGDEAU, Receiver, Appellee.**

No. 6896.

Court of Civil Appeals of Texas.

Amarillo.

June 8, 1959.

Rehearing Denied Sept. 1, 1959.

McCarthy, Rose & Haynes, Amarillo, for appellants.

Cecil C. Rotsch, R. C. McGinnis and John R. Grace, Austin, for appellee.

CHAPMAN, Justice.

This is a class suit filed by Floyd W. Little and Virgil D. Johnson, acting in their capacities as policyholders and creditors of Physicians Life and Accident Insurance Company, hereinafter referred to as Physicians, individually and for and in behalf of each of the policyholders and policyholders as creditors of said company who are similarly situated, "whether their original rights of policy holders-creditors arose in policies originally written by Southern Bankers Life Insurance Company, Atlas Life Insurance Company, Phy-

sicians Life and Accident Insurance Company of America or Estate Life Insurance Company." They allege "by contracts of assumption that present policy holders became creditors under policies of which one or more of the aforementioned companies that succeeded in a chain of assumptions in the order hereinabove set out and in each instance assumed the obligations under the policies of their predecessor."

Appellants seek to enjoin appellee, C. H. Langdeau, as receiver of Estate Life Insurance Company, hereinafter referred to as Estate, and as receiver of Physicians. Each of the receiverships just named were, at the time of the filing of the suit, and are now, pending in the 126th District Court of Travis County at Austin, Texas. The suit sought to enjoin appellee in his official capacity as receiver of Estate from making a sale of 83.4 acres of land in Randall County, Texas, in custodia legis of the named Travis County District Court as a part of the assets of Estate, and further sought to enjoin appellee, in his official capacity as receiver of Physicians from disposing of any of the assets of Physicians until the happening of certain contingencies, which assets were also in custodia legis of the named District Court of Travis County.

Appellee filed his plea of privilege to be sued in Travis County, which was duly controverted, and filed his plea in abatement challenging the jurisdiction of the Randall County Court. The plea of privilege was sustained. No action was taken by the trial court to the plea of jurisdiction.

No statement of facts is before us but the parties stipulated that appellee was the duly appointed, qualified and acting receiver of both Physicians and Estate, was at all pertinent times a resident of Austin, Travis County, Texas, and that the verified pleadings and attached exhibits filed by him and contained in the transcript might be considered as evidence for the purpose of appeal.

By its cross point appellee asserts that, "Since appellants' suit seeks only injunctive relief against appellee, who is domiciled in Travis County, Texas, the District Court of Randall County has no jurisdiction of this suit."

Article 4656, Vernon's Ann.Texas Civ. St. provides:

"Writs of injunction granted to stay proceedings in a suit, or execution on a judgment, shall be returnable to and tried in the court where such suit is pending, or such judgment was rendered; writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts. If there be more than one party against whom a writ is granted, it may be returned and tried in the proper court of the county where either may have his domicile."

With delinquency proceedings under Article 21.28, Insurance Code, Vernon's Ann. Texas St. pending on both Physicians and Estate in the 126th District Court of Travis County, Texas, the record shows that said court, before the filing of this suit, authorized appellee as receiver aforesaid to sell certain land in Randall County, the assets of Estate at the time it was placed into receivership. The purpose of appellants' suit is to enjoin appellee from selling this same land, which we believe brings it within the purview of that part of Article 4656 V.T.C.S. above quoted that provides, "Writ of injunction granted to stay proceedings in a suit * * * shall be returnable to and tried in the court where such suit is pending * * *."

There is not any question but that this suit seeks injunctive relief as its principal purpose and not ancillary to some other purpose. The prayer says:

"Wherefore, plaintiffs pray that a temporary injunction be granted and that a Writ of Injunction issue commanding defendant to refrain from selling, encumbering or otherwise dispose of said 83.4 acres in Randall County, Texas, owned by Estate Life Insurance Company in Randall County, Texas, until assets of Physicians Life and Accident Insurance Company are first used for the benefit of plaintiffs, and from selling, encumbering or otherwise disposing of the assets of Physicians Life and Accident Insurance Company under his control, save and except for the benefit of the plaintiff policyholders, creditors and other creditors * * *."

In McKinney v. Texas Life Ins. Co., 143 S.W.2d 789, 790 (writ dismissed) the Dallas Court of Civil Appeals said: "The requirements of Art. 4656, to the effect that, writs granted to stay proceedings in a suit, * * * shall be returned to the court * * * in which the suit is pending, controls both venue and jurisdiction of cases coming within the meaning of the statute." Applying this rule of law to the facts of our case, we are of the opinion that the District Court of Randall County did not have jurisdiction under that part of Art. 4656 having to do with stay of proceedings in a suit. In any event, it did not have jurisdiction under the second clause of Art. 4656 which says, " * * * writs of injunction for other causes, if the party against whom it is granted be an inhabitant of the State, shall be returnable to and tried in the district or county court of the county in which such party has his domicile, according as the amount or matter in controversy comes within the jurisdiction of either of said courts."

The Waco Court of Civil Appeals in a per curiam opinion has held that the District Court of Limestone County did not

have authority to issue a temporary injunction against a resident of Robertson County to prevent him from making an arrest. After quoting from both Arts. 4643 V.T.C.S. and 4656 that Court said, "Injunctive relief being the sole purpose of this suit, the provisions of the articles quoted apply, and the court was without authority to make the order restraining appellant from arresting or attempting to arrest appellee in Robertson county * * *." Box v. Oliver, Tex.Civ.App., 43 S.W.2d 979, 980.

That same court in a much later case, in an opinion approved by our Supreme Court has said: "This court in Box v. Oliver, * * * in a per curiam opinion, construed this statute and held in effect that where injunctive relief is the sole purpose of a suit, the provisions of the article are mandatory and the court is without authority to make an order restraining an inhabitant of another county * * *." Anderson v. Southwestern Presbyterian Home and School for Orphans, Tex.Civ.App., 248 S.W.2d 775, 777 (writ refused).

Our Commission of Appeals in considering Article 4656 V.T.C.S. has, in the following language, said the statute· is jurisdictional: "This is more than a mere venue statute; it has to do with jurisdiction. It's purpose is not the protection of the citizen in his ordinary right to be sued in the county of his domicile, but rather it is a law of comity, for the protection of the dignity of our courts. Orderly procedure and proper respect for the courts will require that such attacks upon their judgments should be made in the court rendering such judgment, rather than in other courts indiscriminately." Switzer v. Smith, 300 S.W. 31, 32, 68 A.L.R. 377.

Accordingly, we believe the District Court of Randall County lacked jurisdiction to enter any order except to dismiss the suit for want of jurisdiction.

Appellants have, by this appeal, raised the question of the constitutionality of Art.

21.28, Insurance Code, Vernon's Ann.Texas St. In view of what we have already said we do not consider it necessary to pass on that question. In fact, we believe it is our duty not to do so. This court has held, in an opinion approved by the Supreme Court, that when a proper disposition can be made of a case without expressly deciding the question of constitutionality it is our privilege, as well as our duty to do so. Waller v. State, Tex.Civ.App., 68 S.W.2d 601 (writ refused).

The judgment of the court below is reversed with directions to dismiss appellants' suit for want of jurisdiction.