### WILEY RAINBOLT v. THE STATE.

No. 3679.   Decided March 13, 1907.

**Gaming—Charge of Court—Betting.**

Upon a trial for violating the gaming law, where the evidence showed that the parties played several games with the defendant and paid for both cues when they lost a pool game, but had no express or implied agreement to do so, the court correctly charged that a bet might be made without words or acts or an express understanding between the bettors.

Appeal from the County Court of Nolan. Tried below before the Hon. A. B. Yantis.

Appeal from a conviction of exhibiting a gaming table; penalty, a fine of $25. ·

The opinion states the case.

*C. D. Woodruff*, for appellant.—Smith v. State, 10 Texas Crim. App., 420; Voight v. State, 13 Texas Crim. App., 21; Wyers v. State, id., 57; Harris v. State, id., 309; Hogan v. State, id., 319; Holder v.

State, id., 601; Buntain v. State, 15 Texas Crim. App., 490; Willis
v. State, id., 118.

F. J. McCord, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of exhibiting a gaming
table, and his punishment assessed at a fine of $25 and ten days con-
finement in the county jail.

The following is the substance of the facts in this case: Edgar
Simmons testified that he knew the defendant; that defendant was
running a cold drink stand and sells "Tee-Totaler" and runs two pool
tables in Sweetwater, in Nolan County, Texas. "I played several
games of pool in defendant's house during the holidays and prior to
April, 1906. I played several games with the defendant, and I paid
for both cues whenever I lost the game, and I played several games
with other parties, and when I lost the game I always paid for both
cues, and when the party I was playing with lost the game, he paid
for both cues, and sometimes we paid other parties than the defendant
who happened to be attending bar. Other parties who played there
did the same way as far as I know. When I played with defendant
and lost the game, I paid for both cues. I never at any time, either
expressly or impliedly agreed with any person who played pool with
me that in the event I lost the game, that I would pay for both cues,
or that I would pay for the cue of the party who was playing with
me and who won the game; nor did the party playing with me ever at
any time agree with me, either expressly or impliedly, that in the event
he should lose the game, that he would pay for both games, or for my
cue. I know of no one who expressly or impliedly agreed to pay for
the cues when he lost the game, but as far as I know it was uniformly
done."

Appellant excepts to the following charge of the court: "Gentle-
men of the Jury: you are further charged as the law applicable to this
case that a bet under the definition as hereinbefore given you, may be
made by acts without words and it is entirely unnecessary that there
be an express understanding between the bettors, and the question as
to whether or not a bet has been made is entirely independent of the
parties thereto having any conversation between themselves with reference
to the betting." Objection to said charge is that same is on the weight
of the evidence, and commented upon the testimony, and in effect told
the jury that if parties played on defendant's tables without any un-
derstanding either expressly or impliedly that the loser of the game
should pay for all the games played, that it was betting under the
court's definition of a bet as given in the court's charge to the jury.
The charge of the court with reference to bet is as follows: "The
legal meaning of the term bet is the mutual agreement and tender of
a gift of something valuable which belongs to one of the contending
parties according to the result of the trial of chance or skill or both

combined, and the question as to whether or not a bet has been made is entirely independent of the parties thereto having any conversation between themselves with reference to the betting." We think the charge of the court is correct. The charge is not on the weight of the evidence but applicable to the facts of this case. It would be a strong proposition if this court had to hold that before there could be a bet upon a gaming table, there should be mutual declaration on the part of the parties to that effect. We do not so understand the law.

The evidence is sufficient to support the verdict, and the judgment is affirmed.

*Affirmed.*