### BOB TAYLOR v. THE STATE.

No. 4093.   Decided June 24, 1908.

Rehearing December 12, 1908.

**1.—Gaming—Charge of Court—Ten-Pin Alley—Alley Fees—Betting.**

Where upon trial for gaming on a ten-pin alley, the State's evidence was that defendant permitted games on his ten-pin alley and that the loser paid the fees, and the defense admitted playing but denied that the loser paid the alley fees, and there was no direct betting proved, the court properly charged that betting could be proved independent of conversations between the parties with reference thereto, and defined the legal meaning of the term betting, the charge was not on the weight of evidence and there was no error. Davidson, Presiding Judge, dissenting.

**2.—Same—Requested Charges—Alley Fees—Custom.**

Upon trial for gaming on a ten-pin alley, there was no error in refusing requested charges with reference to the custom of witnesses in paying fees for rolling ten-pins, and that such custom requiring the losing man to pay the fees was not in itself an offense unless this custom was the custom of defendant; there being a conflict of testimony on this issue. Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Coleman.   Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of gaming on a ten-pin alley; penalty, a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, and *Walter C. Woodward,* County Attorney, for the State.—Moore v. State, 49 Texas Crim. Rep., 378; 15 Texas Ct. Rep., 435; Blades v. State, 4 Texas Ct. Rep., 86; Rainbolt v. State, 51 Texas Crim. Rep., 153; 19 Texas Ct. Rep., 82.

DAVIDSON, PRESIDING JUDGE.—Appellant is charged with unlawfully keeping and exhibiting a ten-pin alley for the purpose of gaming.

Without repeating the testimony of the different witnesses, the

substance of the State's case is that appellant permitted betting on his ten-pin alley, in which games the parties rolled balls and the loser paid the fees. That such was the custom of those who rolled, and sometime the defendant was present and received pay. Appellant himself and through other witnesses controverted this line of testimony, denying that it was the custom to receive such alley fees under the circumstances and in the manner detailed by State's witnesses. There was no direct betting proved, and the manner of the betting was by the loser paying the fees due for the games. Coleman testifying for appellant said he was in appellant's place of business a great deal, and was familiar with the customs of the players, and it was not the custom for the loser to pay the fees. Wilson testified that he knew where appellant's place of business was and that in December and prior to testifying in the case he worked for him; that appellant had his card hanging up in the alley that every man paid for his own game and no gambling allowed, and that while he worked there this instruction was carried out. Appellant himself testified as practically did the other witnesses introduced by him, and denied playing with Campbell, or making Campbell pay when he lost. That he gave instructions for every man to pay a nickel for three balls. He stated that he knew it was a violation of the law for the losing man to pay for the balls, and that was his reason for not permitting it in his alley, and that Kyle became angered with him because he would not let him gamble. That he had no recollection of playing with Kyle any games in which Kyle lost and paid the fees. Other witness testified about as did those already quoted.

The court's charge contains the following: "You are further charged that the legal meaning of the term 'bet' is the mutual agreement and tender of a gift of something valuable which belongs to one of the contending parties, according to the result of the trial of chance or skill or both combined, and the question as to whether or not a bet has been made is entirely independent of the parties thereto having any conversation thereto with reference to the betting." And again, "You are further instructed that a bet under the foregoing definition may be acts without words and it is entirely unnecessary that there be an express understanding between themselves with reference to the betting." We are of opinion that these charges are on the weight of the evidence, and not called for by any facts in the case, and assume and authorize a conviction on a state of facts not in the record. We are not understood to hold that a bet can be made as well by acts as by words, but as given this charge under the facts of this case on the weight of evidence.

Appellant also asked a charge, which was refused, as follows: "You are instructed in this case that the custom of the witnesses for prosecution with reference to paying for the rolling of ten pins

is not of itself the custom of defendant at his place of business and you are therefore instructed that although you may believe that the witnesses for the State paid for the rolls that they lost, still this would not authorize you to convict the defendant in this case, and before you would be authorized to convict the defendant you must believe the evidence beyond a reasonable doubt that it was the custom of defendant in his place of business to permit the losing man to pay for the rolls that were rolled." This charge is inartistic, yet it involves a principle of law which is called for by the facts. There was an issue sharply made as the testimony quoted above makes clear, that the State contended it was the custom of appellant to receive fee from the loser the appellant contending the contrary not only as to the custom but as to receiving fees in such way. This charge or the principle involved in it was applicable to the facts and ought to have been given.

Exception was reserved to some of the statements of counsel prosecuting which it is deemed unnecessary to discuss, but the suggestion is made that upon another trial such arguments and statement be omitted.

For the error indicated, the judgment is reversed and the cause is remanded.

### ON REHEARING.

#### December 12, 1908.

DAVIDSON, PRESIDING JUDGE.—The judgment was reversed and remanded on two propositions at the recent Austin Term. The State files motion for rehearing alleging error on both grounds. The first was based upon the alleged error of the court giving certain charges, set out in original opinion. The second was based upon rejection of requested instructions asked by appellant. This charge is found also in original opinion. In support of the State's contention in regard to the special charges given by the trial court, we are cited to the case of Rainbolt v. State, 51 Texas Crim. Rep., 153. An inspection of that case supports the contention of the State. The writer believes that while a bet may be made without express agreement, yet the charge as given and set forth in the original opinion is on the weight of evidence. My brethren, however, take a different view and think it is not upon the weight of evidence, and sufficiently presents the matter mentioned in the charge, and is, therefore, correct. Following their views of the matter, the motion for rehearing will be granted upon that ground.

The second ground of the motion for rehearing is based upon what the State contends to be error in the original opinion holding that the court erred in refusing to give the requested instructions. My brethren are of opinion that this contention is also correct, and in accord with their views the motion will be granted on that proposition.

The writer believes that the facts authorize the instruction requested and refused, and that the instruction was directly pertinent to the issues and should have been given.

The motion for rehearing is granted, the reversal is set aside, and the judgment is affirmed.

*Affirmed.*