### CITIZENS MUT. LIFE & ACCIDENT ASS'N OF TEXAS v. GILLESPIE et al.

### No. 4971.

Court of Civil Appeals of Texas. Texarkana.

March 19, 1936.

James R. Boyd, of Austin, for appellant.

Perkins & Perkins, of Rusk, W. J. Garrett, of Jacksonville, and Thomas Shearon, of Rusk, for appellees.

JOHNSON, Chief Justice.

This suit was filed January 7, 1935, by appellant, Citizens Mutual Life & Accident Association of Texas, to enjoin the execution of and to cancel a judgment rendered against it on June 23, 1932, in the district court of Cherokee county in cause No. 11315, upon an insurance policy issued upon the life of J. T. Gray.

As grounds for the relief sought, appellant alleges that the judgment is void for want of service, in that O. C. French, upon whom service of citation was had in said cause, was not in fact appellant's secretary at the time citation was served upon him. When the petition was filed, a temporary injunction was issued restraining execution of the judgment. Trial of the case upon the merits was had before the court without a jury, and judgment was entered dissolving the injunction and denying cancellation of the judgment.

In the absence of any request therefor, no findings of fact or conclusions of law were filed by the trial judge; therefore it is made our duty to affirm the judgment if there is any theory of the case upon which it can be sustained. Smith v. Patterson (Tex.Civ.App.) 294 S.W. 984; Texas Creosoting Co. v. Hartburg Lumber Co. (Tex.Com.App.) 12 S.W.(2d) 169; 3 T.J. § 718, p. 1006.

The judgment attacked, rendered in cause No. 11315, is regular upon its face. It recites that appellant was duly cited to appear and answer that suit, but wholly made default, and that judgment was rendered upon evidence heard by the court. Being regular upon its face, rendered by a court of competent jurisdiction, and reciting the jurisdictional facts, the judgment is not void. Southern Surety Co. v. Texas Oil Clearing House (Tex.Com.App.) 281 S.W. 1045, 1047.

Assuming, but not affirming, that appellant's petition is sufficient in allegations of fact to constitute a direct attack upon the judgment in cause No. 11315 for the purpose of having it set aside and the case retried, the burden rested upon appellant to prove, not only that O. C. French was not its secretary, but also to show that it had a meritorious defense to that suit, and that it had a sufficient excuse for not having filed a motion for a new trial before adjournment of the term of court in which the judgment was rendered. Texas Central Ry. Co. v. Hoffman (Tex.Civ.App.) 193 S.W. 1140; Southern Surety Co. v. Texas Oil Clearing House, supra; Reynolds v. Volunteer State Life Ins. Co. (Tex.Civ.App.) 80 S.W.(2d) 1087.

The record shows that, after he was served with citation, O. C. French filed his affidavit in cause No. 11315, stating that he was not, and had never been, secretary of appellant association. But appellees here contend that there was evidence before the court upon the trial of that cause sufficient to authorize a finding that O. C. French was such secretary. However, for the purposes of our decision, we will assume that O. C. French was not appellant's secretary at the time service was had upon him, and that citation was improperly served in cause No. 11315.

The judgment in cause No. 11315 was rendered and entered on June 23, 1932. There is testimony in the present case to support a finding that appellant through its president knew of the pendency of cause No. 11315 against it, and of the date on which it was set for trial; that he made an unsuccessful effort to have the case continued by agreement, and was informed that it would be tried when reached for trial on the date on which it was set, and that he knew of the rendition of the judgment on the same day after the case was tried and judgment rendered. He admits on the present trial that he knew of the rendition of the judgment in July, 1932. The term of court at which the judgment was rendered did not adjourn until August 8, 1932. Appellant neglected and failed to file any motion for a new trial or to make any effort to have the judgment set aside and a new trial granted, and no excuse is now offered for such failure. Appellant's petition is one seeking equitable relief. Generally, equity will not relieve one guilty of negligence in failure to avail himself of an adequate remedy provided by law. Appellant's failure in the circumstances to file a motion for new trial in cause No. 11315 before adjournment of the term of court at which the judgment was rendered is fatal to its present suit now seeking to have the judgment set aside and a new trial granted. In Southern Surety Co. v. Texas Oil Clearing House, supra, it is said: "It is clear from the record that plaintiff in error knew of the rendition of the present judgment, and had ample time to have proceeded by motion for new trial or by appeal or writ of error to set it aside. Having thus at its disposal the option of at least three distinct legal remedies, it will not be permitted to neglect the exercise of such remedies and to resort to a court of equity to stay the enforcement of the law's decree. Its want of diligence is fatal."

A more recent review of the authorities in point has been made by Judge Leslie of the Eastland Court of Civil Appeals in Reynolds v. Volunteer State Life Ins. Co., supra, writ of error refused, from which we quote the following headnote supported by the opinion: "Mortgagor having had knowledge that foreclosure suit was pending against him and that judgment would be taken on named date, and having thereafter learned that judgment was so taken in time to move for new trial or to set

judgment aside at same term of court and to appeal from an adverse ruling, or to prosecute appeal by writ of error and thereby set aside judgment, held not entitled to sue in equity to have judgment canceled and foreclosure sale set aside on ground that no service of citation had been made upon him."

What has been said renders unnecessary any further discussion of the record.

The judgment of the trial court will be affirmed.