**ALLEN et ux. v. TRENTMAN.**

No. 13731.

Court of Civil Appeals of Texas. Fort Worth.

March 25, 1938.

1178

Alex M. Mood, of Fort Worth, for appellants.

McDonald & Floyd, of Fort Worth, for appellee.

SPEER, Justice.

This action is in form of a bill of review, brought by Perry Allen and wife, Joyree Allen, on October 13, 1936, against Harry C. Trentman, in the Ninety-Sixth district court of Tarrant county, to set aside a judgment rendered in that court in favor of Trentman against the Allens, on May 2, 1933. Relief was denied by the trial court, and by appeal the Allens have become appellants, and Trentman is appellee herein; they will thus be designated in this opinion.

■ Appellee earnestly insists that the brief of appellants should not be considered by us, because it does not meet the rules laid down for briefing cases. It is claimed the assignments of error constitute only abstract propositions, they do not refer to any part of the record, they do not state specific acts of the court which constitute error, and are not followed in the brief by statements from the record in support thereof. Many authorities are cited in support of the contention, and, while these authorities cited tend to support the motion, they are all prior to the late case of Gavin v. Webb, 128 Tex. 625, 101 S.W. 217, in which the Supreme Court, reviewing the same case by this court reported in 99 S.W. 2d 372, held the brief of appellants was sufficient and should have been considered in its entirety. As is disclosed by the opinion of this court in the last citation above, the brief in that case was subject to the same objections raised here. Our Supreme Court pronounced these rules and has construed them as above indicated, and we shall follow it. The motion to strike the brief is therefore overruled.

There is no statement of facts in this record, but the appeal is based upon alleged errors committed by the court in his conclusions of law founded upon the facts shown. No complaint is made of the fact findings by the court, and, even if there was, we could not review it in the condition of the record.

The court found the facts to be that appellants had purchased from appellee certain lots in the city of Fort Worth, under a contract that when the purchase price was paid, a deed would be executed and delivered; appellants eventually paid the purchase price and demanded a deed; they had previously erected a small house on the property with their own funds. When the deed was asked for, none was made, but appellants then entered into a contract with appellee to erect a larger and better house on the premises, costing $2,765, and then

made a second contract of purchase for the property, agreeing to pay the last-mentioned amount in monthly installments; they paid $619 on the last contract and became delinquent; the appellee filed a suit in trespass to try title against appellants in the Ninety-Sixth district court, citation was issued returnable May 1, 1933; process was served on the husband, and by error of the officer the copy intended for the wife was delivered to her mother-in-law and the officer's return showed proper service on both appellants; the wife learned of the purported service the same day it was had, and both appellants were in attendance of court on the return day; they were then advised that, unless answer was made on appearance day, judgment by default would be rendered against them. It does not appear that either appellee, his counsel, or the clerk who advised appellants that judgment would be taken against them knew of the error in serving process. On May 2, 1933, a judgment by default was rendered against both appellants; the judgment recited that both defendants had been duly cited, in the manner and for the length of time required by law. By virtue of a writ of possession in favor of appellee, appellants were dispossessed on June 27, 1933; on that day the parties entered into another sales contract, by which appellants purchased a part of the property for $500. Simultaneously with this last contract of purchase, appellants conveyed by a quitclaim deed to appellee the remainder of the property and relinquished all claims for damages growing out of previous transactions. No effort was made to contest the suit of appellee, nor was motion made for new trial, but appellants compromised all their differences with appellee in the manner shown.

The court further found as a fact that appellee had not been guilty of any fraud or deception in the matter of compromise settlement between the parties on June 27, 1933.

The court concluded as a matter of law, among other things, that the compromise settlement made between the parties on June 27, 1933, adjusted all differences between them, as well as those involved in the original suit, which judgment was sought to be reviewed. There is a further conclusion of law that appellants failed to use diligence to either defend the suit at the time or to protect their rights by motion for new trial thereafter.

Upon these findings the judgment was entered denying the bill of review, from which the appeal was perfected.

There is no allegation in appellant's petition claiming they did not know a judgment had been entered against them vesting the title of the property in appellee, nor did they offer any excuse for not having timely filed a motion for new trial.

The bill of review, long recognized by the courts of this state, is strictly an equitable remedy to right a wrong when parties have no adequate legal remedy. They appear in various forms of direct attack against a judgment rendered in a court of competent jurisdiction of the parties and subject matter. If the court in which judgment is rendered has potential jurisdiction and the decree purports to be regular, then as against collateral attacks it cannot be said to be void, but only voidable. The rule is not confined exclusively to collateral attacks, for, in an attack made in the court where judgment was rendered, it is well settled that the petition for review must show that the complaining party is free from negligence; that is, it must appear he has availed himself of all legal remedies. The bill must further show that a meritorious defense to the action existed at the time judgment was entered, and that, if an opportunity had been given, he would have presented it; that defense must be such that, if true, a different judgment would have been rendered. This rule is sound, for the reason, if the bill is granted and the judgment set aside, a proper judgment must be entered at that hearing and the pleadings must be sufficient to support the kind of judgment that should have been entered. Some of the authorities supporting these principles are: 25 Tex.Jur. p. 633, § 221; Id. p. 640, § 225; Id. p. 663, § 239; Sedgwick v. Kirby Lumber Co., Tex.Sup., 107 S.W.2d 358; Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095; Ferguson v. Ferguson, Tex.Civ.App., 98 S. W.2d 847; Gehret v. Hetkes, Tex.Com.App., 36 S.W.2d 700; Citizens Mutual Life & Accident Ass'n v. Gillispie, Tex.Civ.App., 93 S.W.2d 200.

The only attempt made by appellants here to show that they had a meritorious defense to the suit rested upon their allegations that appellee was guilty of fraudulent representations to them in connection with the making of the several sales contracts and in the matter of compromise and settlement in June, after the judgment was

rendered; appellants claimed they were ignorant negroes, unversed in business affairs, and relied upon appellee's representations. The court found against them, on the allegations of fraud in these matters, and we are bound by that finding. Likewise, we see no escape by appellants from the findings and conclusions of the court that all questions raised here were compromised and settled between the parties at the time mentioned.

The appellants knew the judgment would be rendered against them the next day after they were in the courtroom inquiring about the case, and it follows that they knew thereafter that such a judgment had been thus entered. They had the statutory time thereafter to move for a new trial, and negligently failed to avail themselves of this remedy. The presumption prevails that, if they had timely made known to the court that no service was had on the wife, a new trial would have been granted; not having pursued their legal remedies, they cannot now obtain equitable relief. All assignments of error are overruled, and the judgment of the trial court is affirmed.