## COOK v. COOK.

### No. 15166.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 29, 1950.

Rehearing Denied Oct. 20, 1950.

———————◆———————

John W. Moore, of Jacksboro, for appellant.

Robert G. Scofield and Cecil Murphy, both of Gainesville, for appellee.

HALL, Justice.

On February 2, 1948, appellee Cornez Cook obtained a judgment for divorce against appellant B. O. Cook in the district court of Cooke County, Texas, wherein she was awarded title to 204 acres of land out of the Arocha survey, Abstract No. 4, situated in said County, as her separate property which was deeded to appellant and appellee by her mother.

Appellee filed the present suit against her former husband, appellant B. O. Cook, on the 22nd day of September, 1949 in said court, alleging an action in trespass to try title, and plead in the alternative for partition of the land, etc.

Appellant B. O. Cook filed plea of not guilty, for partition of the land in question and for appointment of a receiver to sell the land, etc.

The court, without the intervention of a jury, rendered judgment in favor of appellee for title and possession of all the lands in question.

Appellant submits this appeal upon six points, substantially as follows:

Points 1, 2 and 6: The trial court erred in rendering judgment for appellee because the judgment in the divorce case was void for lack of jurisdiction of said court.

Points 3 and 4: The court's judgment in the divorce decree was contrary to the facts, because the land was conveyed to appellant and appellee subject to an outstanding indebtedness.

Point 5: The trial court erred in rendering judgment for appellee wherein it divested appellant of his community property, as provided in Article 4638, R.C.S.

Under appellant's first proposition, towit, that the court was without jurisdiction to render judgment in the divorce case, he contends that since the nonresident notice which was served on him had been on file in the district clerk's office only three days when the judgment in said cause was rendered, the defendant (appellant herein) was therefore not required to file an answer and make appearance until said citation, with the officer's return thereon, was on file in the clerk's office for at least ten days, as provided for in Rule 107, Texas Rules of Civil Procedure.

█ It appears from recitals set out in the divorce judgment that service was complete; that the court had jurisdiction of both parties and the subject matter; therefore the court's action in adjudging the property to appellee as her separate property is not subject to a collateral attack in the present action.

█ We have carefully read appellant's pleadings and find that he nowhere pleads in the alternative an affirmative defense in the form of a cross action against appellee pertaining to invalidity of the old divorce judgment. It is our finding that his pleadings in the instant case consist of nothing more than a collateral attack upon the former judgment, and are without force and effect in so far as setting said former judgment aside. We therefore need not discuss appellant's points raised under Rule 107 and Article 4638, R. C. S., because it is the general rule of law in this state that

where a judgment recites the defendant had been duly cited as required by law, validity of said judgment cannot be collaterally attacked; thus sufficiency of the process cannot be questioned upon a jurisdictional issue. Treadway v. Eastburn, 57 Tex. 209; Wixom v. Bowers, Tex.Civ.App., 152 S.W. 2d 896; Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095; Stewart v. Adams, Tex. Civ.App., 171 S.W.2d 180; Allen v. Trentman, Tex.Civ.App., 115 S.W.2d 1177.

Appellant's points one, two and six are overruled.

Under points three, four and five, the substance of said points cannot be raised in a collateral attack against a judgment which imports absolute verity.

Having overruled all of appellant's points of error, the judgment of the trial court is affirmed.