**James IMATANI and Henderson Pickle Company, Inc., Appellants,**

v.

**Brig MARMOLEJO and Frank Schuster, Appellees.**

No. 1623.

Court of Civil Appeals of Texas, Corpus Christi.

Sept. 4, 1980.

Rehearing Denied Oct. 9, 1980.

R. A. Vidaurri, Flores, Sanchez, Vidaurri & Munoz, McAllen, for appellants.

Thomas G. Sharpe, Jr., Brownsville, Katie Pearson Klein, Edinburg, for appellees.

## OPINION

BISSETT, Justice.

This is an action to set aside a sheriff's sale of land and to enforce a judgment debtor's alleged attempt to tender all money due the judgment creditor. The present suit was filed by James Imatani and Henderson Pickle Company, Inc., in the 206th District Court of Hidalgo County, Texas, to set aside a sheriff's sale made under an order of sale issued out of the 92nd District Court of Hidalgo County, Texas, pursuant to a judgment rendered by the latter court. Following a trial to the court, a take nothing judgment was rendered in favor of Brig Marmolejo and Frank Schuster,[1] defendants. Plaintiffs have appealed.

On November 15, 1974, Frank Schuster filed suit (the first suit) against James Imatani, doing business as Rio Grande Pickle Company of Texas, to recover damages for breach of contract. The suit was filed in the 93rd District Court of Hidalgo County, Texas, and was docketed as Cause No. B–27,373. On September 9, 1976, a joint and several judgment in the amount of

---

1. Frank Schuster died on January 30, 1978, after this suit was filed. Upon suggestion of Schuster's death, the trial court ordered the substitution of his estate as parties defendant. Marmolejo is the sheriff of Hidalgo County, Texas, who conducted the sale under attack in this appeal.

$6,783.99, together with 9% interest thereon, was rendered in said cause against Imatani *and* Rio Grande Pickle Company of Texas. The judgment was duly abstracted and indexed in Hidalgo County, Texas, on September 9, 1976.

On January 12, 1977, Frank Schuster filed suit (the second suit) against Henderson Pickle Company, Inc., allegedly, "a Corporation whose principal place of business is in McAllen, Hidalgo County, Texas." This suit was filed in the 92nd District Court of Hidalgo County, Texas, and was docketed as Cause No. A–13,416. Schuster sought to impose his judgment lien against the land involved in this appeal, which, at that time was owned by Henderson Pickle Company, Inc. A default judgment[2] was rendered in favor of Schuster on February 16, 1977. The judgment will henceforth be referred to as the "1977 judgment."

A writ of execution was duly issued in accordance with the 1977 judgment in the second suit. Sale of the property was ordered to be held at public auction on the first Tuesday in May, 1977 (May 3, 1977), between the hours of 10:00 a. m. and 4:00 p. m.

On May 3, 1977, Imatani and Henderson Pickle Company, Inc., allegedly "a Colorado Corporation," filed the instant suit (the third suit) against Schuster and Marmolejo. This suit, as already noted, was filed in the 206th District Court of Hidalgo County. It was filed at 9:45 a. m. on May 3, 1977, and was docketed as Cause No. D–1827. In their original petition in the third suit, the plaintiffs alleged that Henderson Pickle Company, Inc., "received no notice" of the suit filed against it in the second suit, and a default judgment was rendered against it. They further alleged that on May 2, 1977, their attorney tendered to Schuster's attorney a cashier's check in the amount of $8,211.28 "in full payment of the judgment, all interest and costs" but the "check was

refused." They also alleged that the said sum of $8,211.28 "in full payment of the judgment, all accrued interest and court costs" was paid into the registry of the court and asked that the court issue a temporary restraining order, "restraining the defendant Brig Marmolejo from selling the property under the writ of execution," and, further, for the issuance of a temporary injunction pending a trial on the merits. The judge of the 206th District Court, at approximately 9:45 a. m., on May 3, 1977, granted the prayed–for temporary restraining order, but by the time Schuster and Sheriff Marmolejo had been officially notified of such action by the judge, the property had already been sold by the Sheriff at execution sale to Schuster. The sale was made at 10:03 a. m.

On July 27, 1977, Henderson Pickle Company filed a petition for a bill of review in the 92nd District Court of Hidalgo County, Texas, wherein it seeks to have the default judgment set aside. Schuster filed an answer thereto on September 22, 1977. The proceeding is still pending.

The plaintiffs amended their petition in the third suit on July 5, 1977, wherein, in addition to other relief sought, they prayed that the sheriff's sale of the property to Schuster be set aside. Trial commenced on July 15, 1979. A take nothing judgment was rendered on August 30, 1979. It is this judgment, the judgment which was rendered in the third suit, which has been appealed to this Court.

The plaintiffs, in points 3 and 4, contend that the sheriff's sale of the land in question should be set aside and the funds on deposit in the District Clerk's office as a result of plaintiffs' tender into the registry of the court should be ordered paid "to Schuster's Estate." As grounds therefor, they say that "the default judgment through which the order of sale was issued

2. The judgment decreed that Schuster, by virtue of the judgment rendered in Cause No. B–27,373 in the 93rd District Court of Hidalgo County, is the owner and holder of a judgment lien against the property in question, "which property was, subsequent to the perfection of plaintiff's judgment lien, conveyed to Henderson Pickle Company, Inc." It was further decreed that the lien be foreclosed and that the land be sold at execution sale to satisfy the judgment rendered in Cause No. B–27,373.

was void since no valid service of process was had on the defendant (Henderson Pickle Company, Inc.)." The 1977 judgment which was rendered in the second suit, and which is attacked in the third suit as being void, recites that the defendant Henderson Pickle Company, Inc., "although having been duly served with citation ... is wholly in default."

■ The first matter to be determined is whether the attack made by plaintiffs on the 1977 judgment is a "direct attack" or a "collateral attack." We hold that it was a collateral attack. See *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.Sup.1973), and *Akers v. Simpson*, 445 S.W.2d 957 (Tex.Sup.1969); *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895).

■ It is the thoroughly established rule in this state that a defendant who is not served with process and who does not make any appearance at the trial may not, as a matter of public policy, attack the verity of a judgment in a collateral attack. *Akers v. Simpson*, supra. It is equally well settled that, as against a collateral attack, a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issue of jurisdiction, imports absolute verity and no evidence of any kind, not even the remainder of the record, will be considered in contradiction thereof, even though such evidence would show that jurisdiction was not, in fact, acquired. *Treadway v. Eastburn*, 57 Tex. 209 (1881); *Pure Oil Co. v. Reece*, 124 Tex. 476, 78 S.W.2d 932 (Com. App.1935, opinion adopted); *Crawford v. McDonald*, supra; *Switzer v. Smith*, 300 S.W. 31 (Tex.Com.App.1927); *Cook v. Cook*, 233 S.W.2d 163 (Tex.Civ.App.–Fort Worth 1950, writ ref'd); *Bemis v. Bayou Development Co.*, 184 S.W.2d 645 (Tex.Civ.App.–Galveston 1944, writ ref'd); *Noel v. Orr*, 418 S.W.2d 690 (Tex.Civ.App.–Austin 1967, writ ref'd n. r. e.); *Lewright v. Manning*, 392 S.W.2d 466 (Tex.Civ.App.–Corpus Christi 1965, no writ).

■ A judgment, which recites the necessary jurisdictional facts, can only be as-

sailed by a direct proceeding. *Levy v. Roper*, 113 Tex. 356, 256 S.W. 251 (1923); *Robins v. Sandford*, 29 S.W.2d 969 (Tex.Com. App.1930); *Pure Oil Co. v. Reece*, supra.

■ Under the authorities set out above, we are compelled to hold that the plaintiffs in the third suit may not show in their collateral attack on the 1977 judgment in the second suit that the same is void for the reason that "no valid service of process" was had on Henderson Pickle Company, Inc. The judgment is regular and valid on its face. Points 3 and 4 are overruled.

Plaintiffs, as we read the written argument in their brief and as we understand their oral argument concerning tender, argue that the sheriff's sale should be set aside on another ground. According to the argument, they made a proper tender to Schuster of the full amount of the money, interest and costs owing on the 1977 judgment before the property was actually sold. They say that this tender was refused by Schuster, and, as a result of such refusal, he thereby relinquished his right to purchase the land in question at the sheriff's sale. They further argue that Schuster's refusal of the tender precluded, as a matter of law, the sale of the land in question by the sheriff to anyone under the outstanding writ of execution and order of sale.

The trial court made and filed certain findings of fact and conclusions of law, but there are neither findings *nor* conclusions concerning the issue of tender. At the time the trial court filed its findings of fact, plaintiffs had the right to request additional or amended findings under Rule 298, T.R.C.P. See *Vapor Corp. v. Welker*, 582 S.W.2d 858 (Tex.Civ.App.–Beaumont 1979, no writ). The record does not indicate that plaintiffs requested any specific findings concerning their "proper tender" theory of recovery.

■ When a given theory of recovery, or of defense, is raised by the pleadings and evidence, and findings of fact are made and filed, but no finding is referable to such theory, it will, on appeal, be deemed that such theory has been waived. Rule 299,

T.R.C.P.; *Gasperson v. Madill National Bank*, 455 S.W.2d 381 (Tex.Civ.App.–Fort Worth 1970, writ ref'd n. r. e.); *Home Indemnity Company v. Muncy*, 449 S.W.2d 312 (Tex.Civ.App.–Tyler 1969, writ ref'd n. r. e.); *McKenzie v. Carte*, 385 S.W.2d 520 (Tex.Civ.App.–Corpus Christi 1964, writ ref'd n. r. e.); *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App.–Houston 1958, writ ref'd n. r. e.); 4 R. McDonald, Texas Civil Practice § 16.09 (1971). Failure of plaintiffs, therefore, to request additional findings constituted a waiver of their proper tender ground of recovery when no element thereof had been found by the trial court. Furthermore, there are no points of error in this appeal which assert that the trial court erred in failing to find that a "proper tender" was timely made to Schuster and refused. Under the circumstances, we cannot consider the complaints relating to tender made by the plaintiffs in their written and oral arguments.

▮ In point 10, the plaintiffs contend that the trial court erred in rendering judgment for defendants because the market value of the property sold under the sheriff's sale was at least five times the sum paid for it by Schuster. Several reasons require that we overrule this point. First, plaintiffs failed to plead grossly inadequate consideration as a ground for setting aside the sale. Second, the issue was not tried by consent. Third, although an execution sale is avoidable upon proof that it was made for a grossly inadequate price *and* was accompanied by irregularities which tended to contribute to the inadequacy of the price, *Collum v. DeLoughter*, 535 S.W.2d 390 (Tex. Civ.App.–Texarkana 1976, writ ref'd n. r. e.) and *Rio Delta Land Company v. Johnson*, 475 S.W.2d 346 (Tex.Civ.App.–Corpus Christi 1971, writ ref'd n. r. e.), there is no adequate proof of such a nature in the case at bar. As is the case with plaintiffs' proper tender theory of recovery, no findings of fact exist as to the inadequate consideration theory. Hence, it has been waived insofar as this appeal is concerned. Point 10 is overruled.

Several other points of error have been brought forward. However, since the instant suit in the 206th District Court is a collateral attack on a judgment in the 92nd District Court, and under the record here presented we are not empowered to set the 1977 judgment aside, it is not necessary that we dispose of the remaining points. The substance of those points cannot be raised in a collateral attack on a judgment, the recitals of which import absolute verity. See *Cook v. Cook*, supra.

As noted above, a bill of review concerning the 1977 judgment is now pending in the 92nd District Court. We express no opinion relating to that proceeding. It is not before us in this appeal.

The judgment of the trial court is AFFIRMED.

### OPINION ON MOTION FOR REHEARING

Plaintiffs James Imatani and Henderson Pickle Company, Inc., in their motion for rehearing, contend that they did plead "grossly inadequate consideration as a ground for setting aside the sale," and that we erred in holding that they did not do so. For that reason, they say that we should reverse and render the judgment of the trial court, or in the alternative, should reverse such judgment and remand the cause for a new trial. We do not agree.

▮ Upon a restudy of the first amended original petition, the trial pleading of Imatani and Henderson Pickle Company, Inc., we conclude that the language appearing therein, when considered in its broad sense, sufficiently pleads grossly inadequate consideration as a ground for setting aside the sale. Therefore, that portion of our original opinion appearing on page 6 thereof, and reading, as follows:

"First, plaintiffs failed to plead grossly inadequate consideration as a ground for setting aside the sale. Second, the issue was not tried by consent;"

is deleted from the opinion.

However, it does not necessarily follow that the judgment of the trial court should

be reversed and rendered, or that it be reversed and remanded simply because plaintiffs did plead grossly inadequate consideration as a ground for setting aside the sale. There are other cogent reasons set out in our original opinion which require that point 10 should be overruled. Moreover, since plaintiffs' suit is a collateral attack on a judgment rendered in another court, the substance of the error complained of in point 10, even if properly preserved for appellate review, will not authorize any disturbing of the trial court's judgment in this appeal.

The motion for rehearing is overruled.