**Terry Lynn PRINZ, Appellant,**

v.

**Iris DUTSCHMANN, Appellee.**

**No. 13–84–005–CV.**

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1984.

commenting on it.

---

4. The validity and interpretation of these statutes is not before us today, and we refrain from

Nelson R. Sharpe, Kingsville, for appellant.

David C. Cook, Francis I. Gandy, Jr., Corpus Christi, for appellee.

Before KENNEDY, YOUNG and GON-ZALEZ, JJ.

CORRECTED

OPINION

KENNEDY, Justice.

This is a bill of review case wherein appellee sought to set aside an order of dismissal in a prior divorce action and reinstate the decree of divorce in the prior cause. The trial court granted appellee's motion for summary judgment, held the order of dismissal to be void, and reinstated the prior decree of divorce.

On December 14, 1981, appellant filed her original petition for divorce in Cause No. 81–5409–A in the 28th District Court of Nueces County. On February 17, 1982, a hearing was held in the cause in Kleberg County, one of the two counties over which the judge of the 28th District Court presides. At the February 17th hearing, appellant's counsel offered appellant's testimony to prove up her original petition for divorce. Daniel Prinz, appellant's spouse, did not appear. Appellant did testify that Daniel Prinz read, examined and signed the divorce decree which was presented to the judge for his signature. At the conclusion of the appellant's testimony, the court stated it was granting the petition for divorce. The judge then signed the divorce decree which was presented him by appellant's counsel and which purportedly bore the signature of Daniel Prinz. The divorce decree recites that Daniel Prinz had waived citation. Apparently, the custom of the trial court, when hearing Nueces County cases in Kleberg County, was to return the signed decree to the petitioner's counsel, who was responsible for seeing that the document was properly filed. Counsel for appellant failed to file the decree, and the court's docket in the cause does not reflect any notation of the judge's action on February 17th. On August 10, 1982, Daniel Prinz died. On August 26, 1982, counsel

for appellant filed a motion to dismiss the divorce action. On August 27, 1982, the trial court granted the dismissal. The motion to dismiss does not recite any facts concerning the prior hearing in Kleberg County nor does it apprise the trial court of the demise of the respondent. It only recites that appellant no longer desires to prosecute her suit against respondent.

In May of 1983, appellee, Daniel Prinz' mother, filed an equitable bill of review in Cause No. 83–2543–A in the 28th District Court of Nueces County, seeking to set aside the trial court's order of dismissal and to reinstate the divorce decree signed on February 17, 1982. The bill of review action was not heard by the same judge involved in Cause No. 81–5409–A. Appellee then filed a motion for summary judgment which was duly opposed by appellant. After a hearing, the trial court granted appellee's motion for summary judgment and reinstated the divorce decree.

■ In the first two points of error, appellant complains that the trial court erred in granting the bill of review because the record failed to show that Daniel Prinz had ever been served with citation. As previously stated herein, this is a summary judgment case. However, appellant brings forward no points of error specifically challenging the granting of the summary judgment. We therefore do not concern ourselves with the technical propriety of the granting of the summary judgment. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970).

In order to reach the questions raised by appellant's points of error one and two concerning service, we must first determine whether or not the divorce decree was a final judgment. It is implicit in the appellant's argument and, more specifically, the reasoning behind the filing of the motion to dismiss, that it is appellant's position that the fact that the original divorce decree was not filed rendered that document a nullity at law. We disagree. As this Court stated in *Ortiz v. O.J. Beck & Sons,*

*Inc.*, 611 S.W.2d 860 (Tex.Civ.App.—Corpus Christi 1980, no writ), a judgment is rendered when it is signed by the trial judge.

" 'Rendition' is a judicial act by which the court settles and declares publicly the decision of the law upon the matters at issue. This occurs when the decision is officially announced, either orally in open court, or by some memorandum filed with the clerk. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56, 58 (Tex. 1970); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953) ...."

■ The question then is, what effect, if any, does the failure of the trial court to enter its judgment in the official record of the court have on the judgment itself? TEX.R.CIV.P. 306a(1)[1] provides in pertinent part:

"[T]he date a judgment or order is signed *as shown of record* shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents in connection with an appeal...." (Emphasis added.)

Therefore, it would appear that entry of the judgment is necessary to trigger the running of the appellate time table. However, Rule 306a clearly states that it is the date of signing which controls and not the date of entry of the judgment. Therefore, in circumstances such as these, the clear language of Rule 306a, plus case law to the effect that a judgment is rendered when it is orally stated or signed, dictates that the divorce decree in this case was rendered on February 17, 1982. *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976); *Comet Aluminum Company v. Dibrell*, 450 S.W.2d at 58; *Abarca v. Roadstar Corporation of America*, 647 S.W.2d 327 (Tex.App.—Corpus Christi 1982, no writ).

■ We also note that appellant and her counsel agreed to the judgment by their actions on the date of the hearing. Where

---

1. As amended effective April 1, 1984.

such an agreement exists, a party may not subsequently revoke their consent to the agreement. *Samples Exterminators v. Samples,* 640 S.W.2d 873 (Tex.1982).

The next question raised concerns appellant's complaints concerning the lack of service on Daniel Prinz. By raising this issue as a defensive issue in appellee's bill of review action, appellant is attempting a collateral attack on an otherwise valid or enforceable judgment. *See Austin Independent School District v. Sierra Club,* 495 S.W.2d 878 (Tex.1973); *Akers v. Simpson,* 445 S.W.2d 957 (Tex.1969). It is well settled that "as against a collateral attack, a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issue of jurisdiction, imports absolute verity and no evidence of any kind, not even the remainder of the record, will be considered in contradiction thereof, even though such evidence would show that jurisdiction was not, in fact, acquired." *Imatani v. Marmolejo,* 606 S.W.2d 710 (Tex. Civ.App.—Corpus Christi 1980, no writ); *Noel v. Orr,* 418 S.W.2d 690 (Tex.Civ.App. —Austin 1967, writ ref'd n.r.e.).

We therefore decline to hold the February 17, 1982 divorce decree void for the reason that no valid service of process· was obtained on Daniel Prinz. The judgment is regular and valid on its face. The trial court in Cause No. 81–5409–A was without jurisdiction to dismiss the cause of action some five months after its judgment became final. The trial court in this cause was correct in setting aside the dismissal and reinstating the decree. Appellant's points of error one and two are overruled.

In the third point of error, the appellant complains that appellee lacked the requisite capacity to bring a bill of review to attack the action of the trial court in the divorce proceeding. Specifically, appellant complains that appellee was not a party to the divorce proceeding and failed to establish an existing interest or right which was prejudiced by that action. TEX.R.CIV.P. 93(2)[2] provides that:

"A pleading setting up any of the following matters, unless the truth of such matters appears of record, shall be verified by affidavit.... (2) That the plaintiff is not entitled to recover in the capacity in which he sues...."

Appellant filed only a general denial as her defensive pleading. A party who desires to contest an opponent's capacity to sue must do so by a verified plea in abatement. *Bluebonnet Farms, Inc. v. Gibraltar Savings Association,* 618 S.W.2d 81 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Objections to capacity to sue cannot be raised for the first time on appeal. *Realtex Corp. v. Tyler,* 627 S.W.2d 441 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ); *Rimco Enterprises, Inc. v. Texas Electric Service Co.,* 599 S.W.2d 362 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *Allen v. Wilkerson,* 396 S.W.2d 493 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.); *see Safeway Stores of Texas v. Rutherford,* 111 S.W.2d 688 (Tex.1938). Appellant's third point of error is waived by failure to file the proper trial pleadings and is overruled.

The judgment of the trial court is affirmed.

---

**2.** This rule was amended twice effective September 1, 1983 and April 1, 1984, but neither amendment affected this provision.