IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-050-CV





SHARON KAY BAUER,



 APPELLANT


vs.





FRANK J. BAUER,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 493,275, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING



 




 Sharon Kay Bauer appeals from the trial-court judgment in her divorce suit against
Frank J. Bauer. We will affirm the judgment. 



THE CONTROVERSY


 Sharon filed a petition for divorce in November 1990. In a May 1991 hearing
Sharon and Frank both testified that they had agreed to the following provision contained in a
settlement offer proposed by Sharon's attorney:



All federal tax liabilities for 1990 and previous years, plus all income earned by
the parties for 1991 with the exclusion of any prepayments made by Sharon
through withholding from her paycheck . . . will be paid by Frank and guaranteed
by the existing assets of the pension fund currently held by TEAM Bank.


 During the hearing Sharon testified that she understood that Frank would pay all
taxes except those attributable to her salary. Sharon also testified during the hearing that she was
to receive $31,000 in the property settlement to be paid from unspecified assets. She further
testified that she understood she would not be able to change her mind regarding the specifics of
the settlement agreement and that she wished the trial court to render judgment based upon the
settlement agreement. At the end of the hearing, the trial court rendered judgment granting the
divorce.

 Before the trial court signed the final decree of divorce, Sharon's counsel withdrew
from representing her. When the parties appeared before the trial court on October 3, 1991,
Sharon, appearing pro se, complained that the final decree drafted by Frank's attorney did not
comport with the settlement agreement. In particular, she complained that the final decree did not
provide for reimbursement to her for 1991 federal income-tax withholdings from her salary. She
insisted that she had been told Frank would reimburse her for sums deducted from her salary for
federal income-tax before the granting of the divorce. The trial court, finding that the matter had
not been part of the original agreement, signed the final decree over her objection.

 Sharon timely filed a motion for new trial, in which she contended that she did not
consent to the entry of the judgment or the purported settlement agreement. She also contended
the property settlement was "inequitable and grossly in favor of" Frank. During the hearing on
the motion for new trial, Sharon testified that she considered herself unprotected against future
tax liabilities because Frank had withdrawn assets from the Team Bank pension fund. Frank
testified that he had withdrawn the funds to pay community debts and to pay Sharon the $31,000
owed her under the settlement agreement. The trial court overruled Sharon's motion for new
trial.



DISCUSSION AND HOLDING


 In her first point of error, Sharon contends the trial court erred in signing the final
decree of divorce because the judgment does not "strictly and literally" comport with the parties'
settlement agreement. She does not explain precisely how the final decree of divorce fails to
comport with the settlement agreement, except to say that it does not protect her from potential
liabilities.

 At the October 1991, hearing Sharon complained that the final decree made her
liable for her 1991 income-tax withholdings, whereas the settlement agreement provided that
Frank was liable for all income-tax liabilities. The trial court correctly rejected this complaint. 
Both the final decree and the settlement agreement provided that Sharon was liable for tax
withholdings from her salary. Moreover, she stated in the May 1991 hearing that she understood
she was liable for taxes withheld from her salary.

 During the hearing on the motion for new trial, Sharon argued for the first time that
the trial court erred in signing the judgment because the final decree omitted to provide that the
pension fund at Team Bank would secure any potential income-tax liability. Sharon's only
possible objection in this regard was that the final decree failed to comport with the settlement
agreement. However, she could not withdraw her consent to the settlement agreement once the
trial court had rendered judgment granting the divorce. See Samples Exterminators v. Samples,
640 S.W.2d 873, 875 (Tex. 1982); Prinz v. Dutschmann, 678 S.W.2d 256, 258-59 (Tex.
App.--Corpus Christi 1984, no writ). The trial court rendered judgment during the May 1991
hearing with the words "divorce is hereby granted" and "divorce is granted in accordance with
[the settlement agreement]." See Samples Exterminators, 640 S.W.2d at 875 (stating that a
judgment "is in fact rendered whenever the trial judge officially announces his decision in open
court . . . in his official capacity for his official guidance whether orally or by written
memorandum the sentence of law pronounced by him in any cause") (quoting Comet Aluminum
Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970)). Sharon, however, did not present this complaint
to the trial court during the October hearing, however. We cannot agree that the trial court erred
in signing the judgment when Sharon did not apprise the court of her complaint until after the
judgment was signed. See Tex. R. App. P. 52(a); Spradley v. Hutchison, 787 S.W.2d 214, 216
(Tex. App.--Fort Worth 1990, writ denied). We overrule the first point of error.

 In her second point of error, Sharon contends the trial court abused its discretion
in failing to grant her motion for new trial. She argues that because the final decree did not
comport with the settlement agreement, the trial court had no authority to render judgment and,
therefore, should have granted the motion for new trial to correct the error. We disagree.

 We may not disturb the trial court's refusal to grant Sharon's motion for new trial
absent a clear abuse of discretion. See Vickery v. Texas Carpet Co., 792 S.W.2d 759, 761 (Tex.
App.--Houston [14th Dist.] 1990, writ denied). In the present case, Sharon did not object to
rendition of the judgment granting the divorce; she did not raise the issue of using the pension
fund as security until the hearing on the motion for new trial. Additionally, the divorce decree
was not at variance with oral testimony given during the divorce hearing.

 Further, even if the trial court abused its discretion in overruling her motion for
new trial, Sharon must demonstrate that she has been harmed by the trial court's action. See
Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 936 (Tex. App.--Austin 1987, no writ) ("If
the legal error committed by the trial court was not `prejudicial' or if it does not result in
`injury,' the trial court's choice does not amount to an `abuse of discretion,' which is to say it
remains immune from appellate revision notwithstanding the legal error.").

 We do not believe the record demonstrates that Sharon was harmed by the trial
court's denial of her motion for new trial. Frank testified in the motion-for-new-trial hearing that
he still had the funds withdrawn from the pension fund, except for those used to pay community
debts and the $31,000 settlement amount to Sharon. According to Frank, the remaining sums
from the pension fund remained in Team Bank and were available to guarantee any future tax
liability. (1) Moreover, the final decree provided that Frank would "be solely responsible for all
federal income-tax liabilities of the parties from the date of marriage through December 31,
1990." The decree thus secures Sharon against liability for income-tax liabilities for past years. 
Based on the record, we find no abuse of discretion in the trial court's refusal to grant a new trial. 
See Tex. R. App. P. 81(b)(1). We overrule the second point of error. 

 Finding no error in the trial-court judgment, we affirm the judgment in all respects.


 John Powers, Justice

[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: October 21, 1992

[Do Not Publish]

1. Sharon could not have understood that the Team Bank pension fund account would remain
intact without any diminution after the divorce. In response to a question during the hearing
concerning whether the $31,000 due her would come from the Team Bank account or the sale of
the house, Sharon testified that she understood the house would not be sold. She did not exclude
the Team Bank account as the potential source of the cash settlement.